## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALLIANZ LIFE INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-17-1361-G** |
| | ) | |
| | ) | |
| **GENE L. MUSE, M.D.,** | ) | |
| | ) | |
| **Defendant/Counterclaimant;** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **PATIA PEARSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is the Motion for Protective Order (Doc. No. 93) filed by
Plaintiff Allianz Life Insurance Company of North America ("Plaintiff" or "Allianz").
Defendant/Counterclaimant Gene L. Muse, MD, and Defendant Patia Pearson
(collectively, "Defendants") have responded (Doc. No. 94).

In its Motion, Plaintiff seeks a protective order under Federal Rule of Civil
Procedure 26(c) quashing the taking of testimony sought in a Rule 30(b)(6) deposition
notice. Specifically, Defendants have noticed the deposition of an Allianz corporate
representative to be taken on August 26, 2019. *See* Defs.' Am. Notice, Defs.' Resp. Ex. 1
(Doc. No. 94-1).

The disputed deposition notice requests testimony on the following "matters for
examination," Fed. R. Civ. P. 30(b)(6):

1. The specific evidence you will offer to support the allegations made in the Second and Third Claims for Relief – Fraud and Deceit - of your Complaint including (1) that Muse and Pearson knowingly made or caused to be made false statements on the Client Weekly Documentation Logs and supporting notes submitted to Allianz in 2015 through 2017 that Muse was unable to perform his ADLs' without assistance when he could in fact do so; (2) that Pearson worked the number of hours and days indicated on Client Weekly Documentation Logs when she did not do so; (3) that Pearson provided the Personal Care services indicated on the Client Weekly Documentation Logs when she did not do so; (4) that Muse incurred actual expenses in receiving care from Pearson when he did not do so; (5) that Muse and Pearson knew the above described statements were false at the time they made them; (6) that Muse and Pearson made or cause to be made these knowingly false misrepresentations to Allianz with the intent of causing Allianz to pay Muse Policy benefits to which he was not entitled; (7) that Allianz was unaware of the falsity of the statements made on the Client Weekly Documentation Logs and supporting notes and that Allianz reasonably and justifiably relied on them; (8) that Allianz paid Policy benefits payments to Muse in response to the Client Weekly Documentation Logs and supporting notes Muse and Pearson submitted; (9) that Allianz has been damaged and entitled to restitution.

2. The specific evidence you will offer to support the allegations made in the Fourth and Fifth Claims for Relief – Conspiracy to Defraud and Deceive- of your Complaint including (1) that Muse and Pearson knowingly entered into an agreement to defraud and deceive Allianz; (2) that Muse and Pearson prearranged and designed a scheme and plan to submit falsified Client Weekly Documentation Logs and supporting notes and other reports to Allianz with the intent of obtaining policy benefits from Allianz to which neither of them were entitled; (3) that Muse and Pearson knowing and intentionally followed through on their scheme, and submitted falsified documents to Allianz; (4) that Allianz was without knowledge of the falsity of the information: (5) that Allianz reasonably relied on the documentation Muse and Pearson submitted and made payments of Policy benefits to Muse to which he was not entitled; (6) that Allianz has been damaged and entitled to restitution.

Defs.' Am. Notice at 4.

As grounds for the issuance of a protective order, Plaintiff argues that Defendants "seek[] to have Allianz identify the evidence it will offer in this case" and its legal strategy, that Allianz' counsel is the only person who can answer the noticed questions, and that Defendants are improperly attempting to discover information that is covered by attorney

work-product protections.  *See* Pl.'s Mot. at 5-8.  The Court addresses each contention in turn.

As to the first argument, Defendants respond that they are seeking testimony regarding the basis for the factual allegations raised against them, not the specific evidence to be offered at trial, and that such information is relevant and discoverable.  *See* Defs.' Resp. at 5-11.  As a general matter, the Court agrees with Defendants that it is proper to seek testimony as to the basis for the claims raised against them in this lawsuit, including identification of information or documents relevant to specific allegations of fraudulent and conspiratorial conduct: Allianz may not properly file a lawsuit and then deny Defendants the opportunity to discover the reasons why Allianz felt that the lawsuit was warranted.  But Allianz is correct that the phrasing of the "matters for examination" in the Amended Notice—including the request for "specific evidence you will offer," Defs.' Am. Notice at 4—suggests a broader inquiry than the bases for Allianz' claims.  For purposes of efficiency, the Court accepts Defendants' representation in their Response *that they are merely seeking testimony as to the basis for the claims raised against them in this lawsuit* as a modification of the Amended Notice.  With that modification, the Court concludes that this objection to the deposition is resolved.

The Court also finds that Plaintiff's objection on the basis of attorney work-product protection is unfounded, given Defendants' express representation that "they are not seeking to know the specific evidence to be offered at trial in support of its claims, but rather what evidence Allianz relies upon in support of its claims."  Defs.' Resp. at 10. Although its pleading was filed through counsel, it is Allianz and not its attorney that is

suing Defendants and raising specific fraud and conspiracy allegations against them. *See Albin Family Revocable Living Tr. v. Halliburton Energy Servs., Inc.*, No. CIV-16-910-M, 2018 WL 2440201, at *3 (W.D. Okla. Jan. 8, 2018) ("'[T]he courts [have] consistently held that the work product concept [furnishes] no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she had learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.'" (alterations in original) (quoting 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2023 (3d ed. 2010))).

Plaintiff additionally argues that the information sought to be discovered is known only by its trial counsel and, noting that depositions of opposing counsel are discouraged, cites several cases as support for "prohibit[ing] the use of Rule 30(b)(6) depositions to obtain testimony from a party's counsel." Pl.'s Mot. at 9-10. The cited cases, however, address lawsuits brought by government entities, which are often "staffed primarily by attorneys and non-attorneys who work at their direction," rather than a private corporation, "which has non-attorney officers and directors" and must consider different factors in "designat[ing] one or more officers, directors," "managing agents," or "other persons who consent to testify on its behalf." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *3 (W.D. Ky. June 26, 2018); Fed. R. Civ. P. 30(b)(6).

The Court finds persuasive the rationale of another federal district court that rejected this argument when raised by a corporate plaintiff:

> Rule [30(b)(6)] makes clear that a party is not permitted to undermine the beneficial purposes of the Rule by responding that no witness is available

who personally has direct knowledge concerning the areas of inquiry. . . . .

. . . .

The Court now turns to the Rule 30(b)(6) Notice of Deposition at issue here. Upon review of the Notice, the Court finds Defendant Voiceglo sufficiently states with reasonably particularity the subjects about which it wishes to inquire: "[t]he preparation and filing" of each of Sprint's Patents and amendments made to claims in the applications. As a result, and based on the applicable law, Sprint is obligated to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed by Voiceglo.

In response to this obligation, Sprint argues that, because they are the only corporate employees with knowledge regarding the subjects listed in the Notice, Sprint attorneys are the only possible designees for the deposition. Based on the facts presented and the applicable law, the Court simply is not persuaded by this argument. As discussed, *supra*, personal knowledge of the designated subject matter by the selected deponent is of no consequence. "Sprint is obligated to produce a deponent who has been competently prepared by the company to give complete, knowledgeable and binding answers on behalf of the corporation." It is Sprint's decision who to designate as its representative in the deposition. Sprint is under no obligation to choose an attorney as its 30(b)(6) designee.

To that end, Sprint may adequately comply with the Rule 30(b)(6) deposition notice by choosing one or more non-attorney deponents— regardless of prior and/or personal knowledge regarding the subject matter— and having them review memoranda, notes, applications, documents and all other matters "reasonably available" to the corporation that are related to preparing, filing and revising each Patent. . . . .

Based on this discussion, the Court finds the underlying premise upon which Sprint predicates its Motion—that the only possible designees for the Rule 30(b)(6) deposition are Sprint attorneys—is without merit. Because the Court finds Sprint's primary argument is based on the faulty premise that the only possible designees for the deposition are Sprint attorneys, it is not necessary for the Court to address arguments presented by Sprint pertaining to . . . a general prohibition against depositions of opposing counsel . . . .

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527-29 (D. Kan. 2006)

(second alteration in original) (footnotes and citations omitted). Plaintiff, likewise, "is

under no obligation to choose an attorney" to prepare and to testify as to Allianz' lawsuit.

*Id.* at 529.

CONCLUSION

Accordingly, Plaintiff has not established "good cause" sufficient to justify the issuance of a protective order, and its Motion (Doc. No. 93) is DENIED. Fed. R. Civ. P. 26(c)(1). The Court declines to award expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), however. The dispute was caused, in part, by Defendants' failure to *clearly* describe proper matters for a Rule 30(b)(6) deposition.

IT IS SO ORDERED this 22nd day of August, 2019.

CHARLES B. GOODWIN
United States District Judge