UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
|---|---|---|
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | No. CIV-17-1361-G |
| GENE L. MUSE, M.D., | ) ) | |
| Defendant/Counterclaimant; | ) ) | |
| and | ) ) | |
| PATIA PEARSON, | ) ) | |
| Defendant. | ) | |

# ORDER

Now before the Court are three Motions in Limine filed by Defendant/Counterclaimant Gene L. Muse, MD ("Muse") (Doc. Nos. 134, 135, 136). Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") has responded (Doc. Nos. 151, 152, 153). The Court heard argument on the Motions on January 7, 2020, and now rules as follows.

## I. *Muse's First Motion in Limine*

In his First Motion, Muse requests that the Court exclude testimony and evidence regarding Muse's sources and amounts of income, business interests, and properties owned as irrelevant to the matters before the Court. Allianz responds that these types of evidence will likely be relevant to issues other than Muse's financial condition, including that Muse's active participation in organizations and management of properties show a greater

physical ability than what he represented to Allianz.  Allianz also notes that Muse's financial condition would be relevant in the event that punitive damages are considered by the jury.

The First Motion (Doc. No. 134) is GRANTED IN PART and DENIED IN PART. The Court agrees that the specific income Muse receives from his other insurance policies or business interests is not relevant to the claims and defenses before the Court and, therefore, such evidence shall not be presented at the liability stage of trial.  Beyond that, the Court denies Muse's broad request at this time because the evidence at issue has not been sufficiently described to allow the Court to evaluate whether it is relevant for the reasons stated by Allianz.  Muse may object if Allianz seeks to admit any such testimony or item of evidence at trial.  *Cf. Hussein v. Duncan Reg'l Hosp., Inc.*, No. CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009) ("[A] motion in limine is a request to the court, in advance of trial, to apply the rules of evidence *to a particular set of facts*. The court cannot rule in the abstract.").

II.     *Muse's Second Motion in Limine*

Muse's Second Motion (Doc. No. 135) requests that the Court exclude any mention of prior criminal charges that appear in Allianz's investigative reports.  Allianz has agreed to redaction of the reports (Doc. No. 152).  Therefore, this request is GRANTED.

III.    *Muse's Third Motion in Limine*

In his Third Motion (Doc. No. 136), Muse asserts: "Allianz intends to offer exhibits which were not produced in discovery, have not been previously identified, constitute hearsay and are irrelevant, such as The OKC Philharmonic Annual Reports (from 2013 –

2018), articles from 'okc Friday,' Facebook posts, a Quit Claim Deed, and a picture of Dr. Muse at the airport taken this past summer." Def.'s Third Mot. at 2.

Muse does not identify any discovery requests to which these items were responsive and does not dispute that the exhibits are publicly available. Nor does Muse dispute that the relevant exhibits were identified by Allianz well before trial. Exclusion therefore is not warranted on the basis of Allianz's nonproduction or any unfair surprise to Muse. *See* Proposed Final Pretrial Report (Doc. No. 129) (filed Dec. 20, 2019); *cf. United States v. Southeastern Okla. State Univ.*, No. CIV-15-324-C, 2016 WL 4250482, at *2 (W.D. Okla. Aug. 10, 2016) (finding that a discovery request "seek[ing] public information" that was equally available to the parties was "not proper discovery").

As to relevance, Muse argues that some of the exhibits portray Muse and Defendant Patia Pearson ("Pearson") as married but such assertion is incorrect and irrelevant to the matters before the Court. Allianz responds that evidence indicating that the public perceives Muse and Pearson as a married couple is relevant to establishing that a spousal exclusion in the insurance contract would apply to preclude Muse's receipt of benefits for care provided by Pearson due to their common-law marriage. *See* Pl.'s Third Resp. (Doc. No. 153) at 3. Even assuming the potential applicability of the spousal exclusion is relevant to the remaining claims of this lawsuit, the Court is not convinced.

To prove a common-law marriage under Oklahoma law, the parties must "actually intend[] to constitute the relation of husband and wife"; although a promise "to become husband and wife" may be "implied or inferred," there must be some evidence "that the parties *themselves* regarded the marriage relation as presently existing." *Cavanaugh v.*

*Cavanaugh*, 275 P. 315, 316 (Okla. 1929) (emphasis added). Pearson has denied that she "ever held [herself] out as being [Muse's] wife." Pearson Dep. 35:13-15 (Doc. No. 111-2). And Allianz points to no evidence to contradict this denial or support a finding that Muse regarded Pearson and himself as a married couple. A donor-recognition list that has no legal effect and does not identify Pearson by name does not reasonably show that Muse and Pearson "maintain[ed] the marriage relation" during the time period at issue. *Estate of Smart v. Smart*, 676 P.2d 1379, 1380 (Okla. Civ. App. 1983) (internal quotation marks omitted). Nor does a photo caption authored by someone other than Muse or Pearson.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the Third Motion (Doc. No. 136). The Third Motion is granted to the extent that donor lists, photo captions, or other exhibits may not be offered to show that the community believed Muse and Pearson to be married or that Muse and Pearson had entered into a common-law marriage by virtue of believing themselves to be so married. The Court otherwise denies the Third Motion and finds that evidence merely reflecting the nature of Muse and Pearson's personal relationship or cohabitation is not subject to wholesale exclusion, given the specific facts underlying the pending fraud and conspiracy claims raised against them. In addition, photographs indicating that Muse was able to ambulate alone or otherwise act independently are relevant to whether Defendants falsely represented Muse's ability to perform the Activities of Daily Living on which Policy benefits were conditioned. Defendants may raise any specific hearsay or other objection when and if Allianz seeks admission of these exhibits.

IT IS SO ORDERED this 9th day of January, 2020.

_____
CHARLES B. GOODWIN
United States District Judge