UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ALLIANZ LIFE INSURANCE | ) |
| COMPANY OF NORTH AMERICA, | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| v. | ) No. CIV-17-1361-G |
| GENE L. MUSE, M.D., | ) |
| Defendant/Counterclaimant; | ) |
| and | ) |
| PATIA PEARSON, | ) |
| Defendant. | ) |

# ORDER

Now before the Court is the Second Motion in Limine (Doc. No. 142) filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz"). A response has been filed by Defendant/Counterclaimant Gene L. Muse, MD ("Muse") (Doc. No. 154), and the Court heard argument on the Motion on January 7, 2020. The Court rules as outlined below.

*A. Hypothetical Questions to Fact Witnesses*

Arguing that "[h]ypothetical questions are only appropriate for expert witnesses," Allianz asks the Court to prohibit "counsel for Defendants [from] ask[ing] hypothetical questions regarding how Muse and/or [Defendant Patia Pearson ("Pearson")] would have acted on a particular occasion if a particular fact were true." Pl.'s Second Mot. at 2. Muse responds that a prohibition on posing any hypothetical questions to lay witnesses is

unwarranted and premature. *See* Def. Muse Resp. at 2-3. The Court agrees, and this request is DENIED. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (defining a "motion in limine" as a motion "to exclude anticipated prejudicial *evidence* before the evidence is actually offered" (emphasis added)). Either party may raise procedural objections to the other party's questioning of a witness when and if such questions are actually posed.

B. *"Golden Rule" Arguments*

Allianz seeks an instruction to the effect that Muse's counsel be prohibited from making a "golden rule" argument to the jury—i.e., to "implore the jur[ors] to put themselves in Muse's shoes and ask them to consider what they would want if they were injured as Muse claims to be." Pl.'s Second Mot. at 2-3. Muse's counsel has represented to the Court at the hearing on this Motion that he does not intend to improperly raise a golden rule argument. Therefore, this request is GRANTED.

C. *Allianz's and LTCG's Promotional Materials*

Allianz requests that the Court prohibit presentation of advertising and website materials of Allianz and of its third-party claims administrator LTCG, arguing that such evidence is irrelevant and would be unfairly prejudicial to Allianz. *See* Pl.'s Second Mot. at 3-4. Muse responds that he does not intend to offer Allianz's advertising but does seek to introduce promotional statements made by LTCG that highlight the relationship of that company to insurers such as Allianz. According to Muse, LTCG's website and other promotional materials are relevant and probative to: (i) show the bias and financial motivations of Stephen Holland, MD, the Medical Director of LTCG who reviewed certain

2

evidence in Muse's Allianz claim file; and (ii) "expose the motives of Allianz and LTCG" as a defense to the fraud and conspiracy claims raised against Muse and Pearson. Def. Muse Resp. at 4-7.

The Court agrees that evidence of potential bias of Dr. Holland—who has an ownership interest in LTCG—may be relevant, and so Allianz's request is DENIED in this respect. *See VTT Mgmt. Inc. v. Fed. Ins. Co.*, No CIV-17-767-M, 2018 WL 5078111, at *1 (W.D. Okla. Oct. 17, 2018) ("It is well-settled that cross-examination to show the bias of a witness or his interest in a case is entirely proper." (internal quotation marks omitted)). Muse fails to adequately explain, however, how LTCG's promotional materials or LTCG's connection to Allianz is relevant to the determination of whether Muse and Pearson engaged in fraud or conspired to engage in fraud or to any defense to those claims. Accordingly, Allianz's request is GRANTED in this respect, and introduction of such evidence shall not be permitted for that purpose.

### D. Other Litigation Results

Allianz seeks the exclusion of references to the results of other litigation involving Allianz. *See* Pl.'s Second Mot. at 4-5. In response, Muse states, "Muse and Pearson do not intend to offer this evidence." Def. Muse Resp. at 7. This request is therefore GRANTED.

### E. Evidence of New Theories or Claims

Allianz contends that Muse may improperly try to assert new theories of liability or new legal claims at trial and that allowing Muse to do so would countenance gamesmanship and deprive Allianz of an opportunity to properly counter such theories or claims.

Specifically, Allianz cites Muse's references in the proposed Final Pretrial Report (Doc. No. 129) and Defendants' Trial Brief (Doc. No. 137), which were filed on December 20, 2019, to Allianz's alleged "anticipatory repudiation" of the insurance contract.

Because this issue is also raised in Allianz's Motion for Continuance (Doc. No. 145), the Court will address this aspect of the Second Motion in Limine by separate order.

IT IS SO ORDERED this 9th day of January, 2020.

*[signature]*
CHARLES B. GOODWIN
United States District Judge