# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,** | ) ) ) | |
| **Plaintiff/Counterclaim Defendant,** | ) ) | |
| **v.** | ) ) | **No. CIV-17-1361-G** |
| **GENE L. MUSE, M.D.,** | ) ) | |
| **Defendant/Counterclaimant;** | ) ) | |
| **and** | ) ) | |
| **PATIA PEARSON,** | ) ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is the First Motion in Limine (Doc. No. 141) filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz"). Defendant/Counterclaimant Gene L. Muse, MD ("Muse"), has responded (Doc. No. 149), and the Court heard argument on the Motion on January 7, 2020. The Court now issues its ruling.

There are three claims currently pending for trial: Allianz's claims for fraud and deceit and for conspiracy to commit fraud and deceit, both raised against Muse and Defendant Patia Pearson; and Muse's counterclaim for breach of contract, raised against Allianz. Muse has asserted that as compensatory damages on his breach-of-contract counterclaim, he will seek (i) "unpaid and underpaid benefit amounts owed under the

policy [from] June 2015 through the present time"[1] and (ii) "the present value of the loss of future policy benefits."  Defs.' Trial Br. (Doc. No. 137) at 4.

In its First Motion in Limine, Allianz seeks an order prohibiting Muse from presenting evidence of damages on his counterclaim based upon unpaid benefits for services performed: (1) from April 22, 2017, through March 30, 2018; (2) from March 31, 2018, through the present date; and (3) beyond the present date.  *See* Pl.'s First Mot. at 1. The undersigned examines each period in turn and GRANTS the Motion as outlined herein.

### A. April 22, 2017, to March 30, 2018

The Court has previously found that "Muse is not entitled to benefits under the Policy for the home-health services performed by Pearson from April 22, 2017, through March 30, 2018."  Order on Pl.'s Mot. Partial Summ. J. (Doc. No. 128) at 17.  Muse does not suggest, or support, that benefits are owing for services performed during this time period by someone other than Pearson.  Accordingly, a lack of payment of benefits during this time is not a "detriment" caused by any breach by Allianz and is not a basis upon which Muse may seek compensatory damages.  Okla. Stat. tit. 23, § 21.  Allianz's Motion is GRANTED in this respect.

### B. March 31, 2018, to Present

Allianz argues that Muse cannot recover damages in the form of unpaid benefits for this period because Muse has not submitted a proof of loss or claim for payment for services performed after March 30, 2018.  *See* Pl.'s First Mot. at 2-5 (citing *Garrett v. Fairfield Ins.*

---

[1] Both parties use November 1, 2019—the date relied on by Muse's expert—as the "present" date in this context, and so the Court does the same for purposes of this Order.

*Co.*, No. 02-367-P, 2003 WL 23274567, at *8 (E.D. Okla. Oct. 22, 2003) (finding that insured could not establish a valid claim under insurance contract when insured failed to submit proof of loss prior to bringing suit as prescribed by the contract)); *see also* Policy (Doc. No. 1-1) at 13, 17 (prescribing that Muse must submit proof of loss within 90 days after the date of loss or as soon as it can reasonably be provided).

Citing *Bourke v. Western Business Products, Inc.*, a decision of the Oklahoma Court of Civil Appeals, Muse responds that Allianz's "[b]reach/repudiation" of the Policy excuses his compliance with the Policy's requirement that the insured timely submit a proof of loss. *See* Def.'s First Resp. at 7 (citing *Bourke*, 120 P.3d 876, 883 (Okla. Civ. App. 2005) ("[W]here a party to a bilateral contract repudiates the contractual obligation to perform a required act in the future, the other party to the contract may treat the contract as then breached and immediately pursue a remedy for breach of the contract.")). By separate order, however, the Court has found that Muse's contract counterclaim premised upon a theory of anticipatory repudiation fails as a matter of law and, therefore, Muse may not present evidence in support of that theory at trial. It follows that Muse may not rely upon the same anticipatory-repudiation argument to excuse his compliance with contract requirements.[2] Stated differently, it is conceivable that Allianz could have caused damage

---

[2] Though Muse expresses doubt as to his ability to "trust in and do business with Allianz in any form or fashion" given the current litigation, he does not provide authority for the proposition that such distrust would allow him to ignore obligations under the Policy but still be paid per its terms. Def.'s First Resp. at 10-11; *cf. Bushey v. Dale*, 75 P.2d 193, 196 (Okla. 1937) ("[M]ere expressions . . . of reluctance to perform [the contract], . . . are . . . insufficient to constitute a breach of contract so as to relieve the opposite party from tendering performance on his part.").

to Muse during this time by breaching the terms of the Policy in some manner, but it was not by failing to pay a proof of loss that was never presented.

## C. The Loss of Future Benefits

Finally, Allianz argues that unpaid-benefit damages that have not yet accrued cannot be recovered on Muse's breach-of-contract counterclaim. *See* Pl.'s First Mot. at 5-12. First, Allianz argues, "[u]nder Oklahoma law, breach of an insurance policy yields only those benefits that the insured should have been paid in the past and does not result in the award of future damages." *Id.* at 7-11 (citing *Mid-Continent Life Ins. Co. v. Walker*, 260 P. 1109 (Okla. 1926); *Mid-Continent Life Ins. Co. v. Christian*, 23 P.2d 672 (Okla. 1932); *Mass. Bonding & Ins. Co. v. Reeves*, 145 P.2d 381 (Okla. 1944); *Henderson v. Nat'l Fid. Life Ins. Co.*, 257 F.2d 917 (10th Cir. 1958)). Muse makes no attempt to distinguish these decisions, which do generally support the exclusion of future-damages evidence sought by Allianz here. *See, e.g.*, *Christian*, 23 P.2d at 675 ("Under the authorities just cited, plaintiff would be entitled to recover in his cause of action for all benefits that had accrued under the [disability] insurance contract at the time of filing his suit. And could amend his petition to include such installments due up to the date of the amendment. But plaintiff could not recover for installments that were not due. The court could not determine how long said installments would continue to become due, because said matter is dependent upon the conditions of health of plaintiff and the date of his death."). Instead, Muse argues that, applying *Bourke*, Allianz's repudiation of the Policy excuses Muse from meeting its conditions in the future—e.g., being certified as Chronically Ill, receiving assistance with his Activities of Daily Living—in order to recover benefits. *See* Def.'s First Resp. at 19-

20.  For the same reasons noted above, the Court finds that Muse may not rely upon Allianz's anticipatory repudiation to forgo his obligations under the contract.

Second, Allianz asserts that Muse's request for the present value of future Policy benefits is too speculative and contingent upon external events to comprise proper damages under Oklahoma law.  *See* Pl.'s First Mot. at 11-13; Okla. Stat. tit. 23, § 21 ("No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin.").  The Court agrees.  The Oklahoma Supreme Court has explained that the "clearly ascertainable" statutory prescription means "without . . . uncertainty" and "that the damage claimed must be made sure, certain, fixed, established, determined, and settled."  *Baker & Strawn v. Miller & Jones Bros.*, 235 P. 476, 478 (Okla. 1925).  For Muse to be entitled to payment under the express terms of the Policy, he has to: concurrently meet several requirements, including certification as Chronically Ill; receive services covered under the Policy; and submit claims in accordance with the Policy with no applicable exclusion or limitation on those claims.  *See* Policy at 13-14.  Even assuming these conditions were met prior to April 22, 2017, and even considering Muse's proposed medical testimony as to the chronic and worsening nature of his condition, under the facts of this case it is improperly "contingent" and "speculative" for Muse to be awarded damages based upon these conditions being met at some point in the future (and for the remainder of the nearly 20-year life expectancy set forth by Defendants' expert).  *Baker & Strawn*, 235 P. at 478.

For all these reasons, Allianz's First Motion in Limine (Doc. No. 141) is GRANTED.

IT IS SO ORDERED this 9th day of January, 2020.

CHARLES B. GOODWIN
United States District Judge