# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE ) <br> COMPANY OF NORTH AMERICA, ) <br> ) <br>   Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> GENE L. MUSE, M.D., ) <br> ) <br>   Defendant/Counterclaimant; ) <br> ) <br> and ) <br> ) <br> PATIA PEARSON, ) <br> ) <br>   Defendant. ) | Case No. CIV-17-1361-G |

## ORDER

Now before the Court are the motions for attorney fees filed through counsel by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") and Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse"). *See* Allianz's Mot. Award of Att'y Fees (Doc. No. 208); Muse's Mot. Att'y Fees (Doc. No. 214). Each Motion was timely opposed (Doc. Nos. 220, 221), and Allianz filed a reply in support of its Motion (Doc. No. 224). Allianz and Muse additionally submitted supplemental briefing addressing the Oklahoma Supreme Court's May 5, 2020 opinion in *Hamilton v. Northfield Insurance Co.*, No. 117,707, ___ P.3d ___, 2020 WL 2140459 (Okla. May 5, 2020) (Doc. Nos. 240, 243).

    I.    *Background*

Plaintiff Allianz issued a long-term care insurance policy (the "Policy") to Muse in

2000 and, after Muse claimed that he became "chronically ill" within the meaning of the Policy following a fall from a ladder, paid Muse benefits for services he claimed were received between July 1, 2015, and April 21, 2017. Allianz initiated this action on December 20, 2017, asserting claims of fraud and conspiracy to commit fraud against Defendants Muse and Patia Pearson. Allianz sought recovery of damages for benefits improperly paid prior to April 22, 2017, a judicial declaration that Muse was not entitled to additional Policy benefits in connection with care provided to him from April 22, 2017, to the present, and rescission of the Policy.

Muse and Pearson denied these allegations and contested Allianz's entitlement to damages or the other relief requested. Additionally, Muse asserted counterclaims against Allianz for breach of contract and breach of the duty of good faith and fair dealing, challenging Allianz's failure to pay benefits beginning April 22, 2017.

By order dated December 18, 2019, the Court granted partial summary judgment to Allianz, finding that (1) Allianz was entitled to a declaratory judgment that Muse was not entitled to benefits under the Policy for the home-health services performed by Pearson from April 22, 2017, through March 30, 2018, and (2) Allianz was entitled to summary judgment on Muse's counterclaim for breach of the implied duty of good faith and fair dealing. Further, in deciding a subsequent motion in limine, the Court precluded Muse from presenting evidence of damages on his counterclaim for breach of contract as it related to particular time periods; following these rulings, Muse acknowledged that nothing remained of his contract counterclaim and that "the Court has effectively granted judgment

to Allianz on" that claim. Defs.' Mot. (Doc. No. 173) at 8.[1]  Following a six-day trial, the jury returned a verdict in favor of Defendants on Allianz's fraud and conspiracy claims. The Court entered final judgment on January 31, 2020.

## II.     Standard of Decision

In diversity actions, "attorney fees are a substantive matter" governed by state law. *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008).  Generally, "Oklahoma courts are committed to the American Rule," whereby "every litigant is responsible for its own litigation expenses." *State ex rel. Dep't of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001).  Attorney fees are available, however, when authorized by a specific statute.  *See Combs*, 551 F.3d at 1001.

In this matter, both Allianz and Muse invoke title 36, section 3629(B) of the Oklahoma Statutes, which authorizes attorney fees to the prevailing party of certain insurance-coverage disputes.  The relevant language provides:

> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss.  Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.  For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.  In all other judgments the insured shall be the prevailing party.  If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

---

[1] Accordingly, Muse omitted the contract counterclaim from the Final Pretrial Report. *See* Doc. No. 177.

Okla. Stat. tit. 36, § 3629(B) (2017).[2]

   III.   *Muse's Request for Attorney Fees*

Muse asserts that the jury's verdict in his favor on Allianz's fraud and conspiracy claims renders him the prevailing party for purposes of section 3629(B). In response, Allianz contends that section 3629(B) applies only when the insurer fails to pay or underpays a claim. Because Allianz fully paid the benefits underlying its fraud and conspiracy claims, says Allianz, section 3629(B) fees are not available. *See* Allianz's Resp. (Doc. No. 220) at 9 ("Read as a whole, the statute's text requires an insured to have a payable loss for which it seeks redress in a claim against his or her insurer."). Allianz further submits that Muse cannot be a prevailing party under the statute because no damages were awarded, and the judgment therefore did not "exceed [Allianz's] written offer of settlement." Okla. Stat. tit. 36, § 3629(B).

The purpose of section 3629(B), as recently characterized by the Oklahoma Supreme Court in *Hamilton v. Northfield Insurance Co.*, is to "avoid litigation by creating fee-shifting disincentives if the insured's claim is not speedily resolved" by the insurance company. *Hamilton*, 2020 WL 2140459, at *1. The court explained that section 3629(B) "seek[s] to prevent insurance benefits from unjustly being consumed by litigation costs." *Id.* at *4 (internal quotation marks omitted). The statutory provisions are "designed to make the beneficiary whole" and "to allow recovery of expenses [the beneficiary] incurred in pursuing a just and reasonable [insurance] claim." *Id.* (alteration and internal quotation

---

[2] A 2018 amendment narrowed the insurer's time limit from ninety to sixty days. *See Hamilton*, 2020 WL 2140459, at *5.

marks omitted). The statute is remedial or compensatory, rather than penal, "in that actual loss is at issue, traceable directly to the *insurer's* improper conduct." *Id.* (emphasis added) (internal quotation marks omitted).

The claims on which Muse prevailed at trial, and for which he now requests fees—namely, Allianz's claims of fraud and conspiracy to commit fraud, seeking recovery of damages for benefits improperly paid prior to April 22, 2017, and/or that the Policy be rescinded—are predicated upon the insured's alleged misconduct, not the insurer's. Muse has provided no authority supporting his contention that section 3629(B) extends to such claims. The plain meaning of the statutory text is that it applies to legal claims based on "[a]n incorrect denial of an insured's claim or an inadequate tender of benefits" by the insurer, *id.*, and not—as here—claims by the insurer alleging overpayment of benefits due to fraud by the insured. Applying the statute's fee-shifting directives to the latter claims would produce nonsensical results. For example, if a jury found in favor of the insurer and awarded it damages that "exceed[ed] [its] written offer of settlement" on the underlying policy claim, the insured would nonetheless be considered the "prevailing party" entitled to attorney fees. Okla. Stat. tit. 36, § 3629(B) (providing that "the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement" and that the insured is the prevailing party "[i]n all other judgments"). Conversely, if the jury found for the insured, no damages would be awarded, and the judgment would presumably "not exceed [the] written offer of settlement." *Id.* In that circumstance, the insured would have prevailed on the fraud claim, but the insurer would be the "prevailing party" entitled to attorney fees for purposes of section 3629(B).

Clearly, these illogical applications would not "give effect to the intention and purpose of the Oklahoma Legislature." *Raymond v. Taylor*, 412 P.3d 1141, 1145 (Okla. 2017); *see AMF Tubescope Co. v. Hatchel*, 547 P.2d 374, 379 (Okla. 1976) ("[A] statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded."); *Estes v. ConocoPhillips Co.*, 184 P.3d 518, 525 (Okla. 2008) ("A statute will be given a construction, if possible, which renders every word operative, rather than one which makes some words idle and meaningless."); *see also Hamilton*, 2020 WL 2140459, at *4 (discussing section 3629(B) solely in terms of an insurer's denial or inadequate tender of benefits). Nor would the statute's purpose of incentivizing prompt investigation and "mak[ing] the beneficiary whole" be furthered by such an application. *Hamilton* at *1, *4 (internal quotation marks omitted).

For these reasons, the Court finds that section 3629(B) does not apply to provide a fee award to Muse on Allianz's fraud and conspiracy claims. Muse's motion for attorney fees is, therefore, denied.

IV.   *Allianz's Request for Attorney Fees*

Allianz contends that it is entitled to attorney fees under title 36, section 3629(B) of the Oklahoma Statutes because it was the prevailing party on its declaratory judgment claim (seeking a judicial declaration that Muse was not entitled to additional Policy benefits in connection with care provided to him from April 22, 2017, to the "present") and Muse's bad-faith and breach-of-contract counterclaims (challenging Allianz's failure to pay benefits beginning April 22, 2017). In response, Muse argues that Allianz cannot invoke section 3629(B) because Allianz failed to timely submit a written offer of settlement or

6

rejection following Muse's presentation of proofs of loss for services provided after April 21, 2017.³

Central to the parties' arguments is the following chronology of events:

- June 13, 2017: Allianz paid Muse pursuant to a proof of loss for services rendered from February 4, 2017, through April 21, 2017. Pl.'s Tr. Ex. 72; Defs.' Tr. Ex. 26, at 12-14.

- June 29, 2017: Following its receipt of a physician's statement that did not certify Muse as chronically ill, Allianz submitted a letter to Muse's attorney stating that Muse's "claim for benefit eligibility [had] been reviewed" and that Allianz would not approve benefits beyond April 21, 2017. Pl.'s Tr. Ex. 81, at 3.

- July 10, 2017: Muse submitted a proof of loss for services rendered from April 22, 2017, through June 3, 2017. Pl.'s Tr. Ex. 82.

- July 11, 2017: Allianz received Muse's appeal of the June 29, 2017 benefit eligibility decision. Defs.' Tr. Ex. 2, at 439.

- July 21, 2017: Allianz wrote to Muse's attorney acknowledging its receipt of Muse's appeal. The letter stated that "[o]nce a decision has been determined, [Allianz's] response will be sent no later than 30 days after the receipt of the appeal request." Defs.' Tr. Ex. 2, at 439.

- August 9, 2017: Allianz wrote Muse's attorney regarding the appeal to advise her that Allianz was "still working to obtain all the necessary information required in order to give [Muse's] request every possible consideration." *Id.* at 444.

- September 5, 2017: Muse submitted a proof of loss for the period of June 3, 2017, through September 2, 2017. Pl.'s Tr. Ex. 89.

- September 8, 2017: Allianz wrote Muse's attorney regarding the appeal, again advising her that Allianz was "working to obtain all the necessary information." Pl.'s Tr. Ex. 90.

---

³ Muse additionally asserts that there can be only one prevailing party under section 3629(B) and that he is that prevailing party. Because the Court has concluded that section 3629(B) does not apply to the claims on which Muse prevailed at trial, the Court need not consider this argument.

7

- November 6, 2017: Allianz informed Muse's attorney by letter that Muse's appeal "remain[ed] under review, pending a medical review of all information received to date." Defs.' Tr. Ex. 2, at 451.

- December 20, 2017: Allianz initiated its action against Muse and Pearson in this Court.

- April 5, 2018: Muse re-submitted proofs of loss for services rendered from April 22, 2017, through September 1, 2017, and additionally submitted proofs of loss for the period of September 2, 2017, through March 30, 2018. Defs.' Tr. Ex. 39.

First, Allianz argues that it had no obligation to respond to Muse's proofs of loss submitted after June 29, 2017, because they were futile unless Muse also submitted proof of his eligibility for benefits. The statutory language, however, does not require the submission of proof of eligibility in conjunction with a proof of loss to trigger the insurer's duty to respond under section 3629(B). *See AG Equip. Co. v. AIG Life Ins. Co., Inc.*, 691 F. Supp. 2d 1295, 1305 (N.D. Okla. 2010) ("Section 3629 requires the insured to submit proof of loss, but it does not expressly toll the 90 day period if the insurer deems the proof of loss to be insufficient."); *see also Hambelton v. Canal Ins. Co.*, 405 F. App'x 321, 323 (10th Cir. 2001) ("Any notice by an insured provides the insurer sufficient proof of loss if the notice serves the ultimate purpose of affording the insurer knowledge that can be acted upon." (internal quotation marks omitted)). The Tenth Circuit has indicated that courts should defer to the parties' insurance policy to determine the adequacy of a proof of loss for purposes of section 3629(B). *See Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1265-66 (10th Cir. 2001). In this case, the Policy's proof-of-loss provision does not require additional documentation verifying eligibility. *See* Allianz's Tr. Ex. 2, at 18.

Rather, eligibility may be raised by Allianz as a reason for nonpayment following submission of a proof of loss. *See id.*

Allianz next contends that its June 29, 2017 letter satisfies its obligation under section 3629(B) as a prospective written rejection to Muse's future claims. Allianz's argument, however, conflicts with the plain language of the statute, which prescribes a sequential process in which the insurer's rejection follows its receipt of the insured's proof of loss. *See* Okla. Stat. tit. 36, § 3629(B) (2017) ("It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss."). Allianz's own Policy dictates a similar sequential process. *See* Pl.'s Tr. Ex. 2, at 18 ("If we do not pay benefits upon receipt of written Proof of Loss, we will mail you within 30 working days, a letter which states our reasons for not paying the claim, either in whole or in part. The letter will also provide you with a written itemization of any documents or other information needed to process the claim or any portions not paid.").

In support of its argument, Allianz cites *Firstier Mortgage Co. v. Investors Mortgage Insurance Co.*, in which the Tenth Circuit considered whether an insurer had denied coverage within the time prescribed by section 3629(B). In granting fees to the insurer, the district court had found that the insurer "denied coverage on the policies before [the insured's] submission of proof of loss on any of the policies and that, thereafter, [the insurer] continually rejected, in writing, [the insured's] claims." *Firstier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 930 F.2d 1508, 1512 (10th Cir. 1991). The Tenth Circuit determined that these findings were not clearly erroneous. *See id.*

Though Allianz argues that, like the insurer in *Firstier Mortgage*, it continually rejected Muse's claims following a prospective denial of benefits on June 29, 2017, Allianz's communications to Muse about the post-June 29, 2017 claims merely indicate that an eligibility appeal was still pending. *See* Pl.'s Reply (Doc. No. 224) at 6 (referencing its letters of July 21, 2017, August 9, 2017, September 8, 2017, and November 6, 2017). The ongoing investigation undermines Allianz's argument that it issued a final rejection of Muse's claims. *See* Pl.'s Tr. Ex. 2, at 19 (Allianz's Policy provision providing that upon receipt of an appeal, Allianz "will review [the] request and notify [the insured] or [the insured's] representative of [Allianz's] decision within 30 days of receiving the request"). The equivocal responses cited by Allianz are distinct from those in *Firstier Mortgage* and not sufficient to properly invoke section 3629(B). *See AG Equip. Co.*, 691 F. Supp. 2d at 1305 ("While AIG retained the right to investigate whether it was obligated to reimburse AG for Ash–Kurtz's medical expenses, it could not indefinitely hold AG's claim in abeyance without waiving its right to collect attorney fees under § 3629."); *ABAB, Inc. v. StarNet Ins. Co.*, No. CIV-12-461-D, 2015 WL 4667540, at \*2 (W.D. Okla. Aug. 6, 2015) (finding that the insurer had not rejected the claim within 90 days of receipt of the proof of loss where "the parties continued to negotiate the claim and/or have discussions regarding investigation of the claim even after [the] lawsuit was filed" (emphasis omitted)); *Cales v. Le Mars Mut. Ins. Co.*, 69 P.3d 1206, 1209 (Okla. Civ. App. 2002) (holding that insurer was not entitled to fees under section 3629(B) because it failed to submit an offer of settlement or rejection to a supplemental proof of loss, following its first denial of the

claim).[4]

Because Allianz did not submit a written rejection within 90 days of its receipt of the relevant proofs of loss, Allianz is not entitled to section 3629(B) attorney fees. *See Shinault v. Mid-Century Ins. Co.*, 654 P.2d 618, 619 (Okla. 1982) (explaining that section 3629 "imposes the loss of any chance for attorney fees on the insurer as a sanction" for the failure to submit a written offer of settlement or rejection within 90 days of its receipt of proof of loss).

## CONCLUSION

For the reasons set forth herein, Allianz's Motion for Award of Attorneys' Fees (Doc. No. 208) and Muse's Motion for Attorney Fees (Doc. No. 214) are DENIED.

IT IS SO ORDERED this 26th day of October, 2020.

*[signature]*
CHARLES B. GOODWIN
United States District Judge

---

[4] *See also MTI, Inc. v. Emps. Ins. Co. of Wausau*, No. CIV-15-716-R, 2017 WL 11139930, at *3 (W.D. Okla. Dec. 21, 2017) (declining to hold that the lawsuit was "sufficient to satisfy the . . . rejection requirement[] of § 3629(B)" (internal quotation marks omitted)).

11