# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | Case No. CIV-17-1361-G |
| GENE L. MUSE, M.D., | ) ) | |
| Defendant/Counterclaimant; | ) ) | |
| and | ) ) | |
| PATIA PEARSON, | ) ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiff's Motion (Doc. No. 252) seeking review of the Bills of Costs entered by the Clerk of Court on November 16, 2020 and November 17, 2020. *See* Doc. Nos. 250, 251.

*I.     Background*

In December 2017, Plaintiff initiated this action against Defendants Gene L. Muse and Patia Pearson, alleging claims of fraud and deceit and conspiracy to defraud and deceive and seeking a declaratory judgment that Defendant Muse was not entitled to Policy benefits for services provided after April 21, 2017. Defendant Muse alleged counterclaims against Plaintiff, including breach of contract and breach of the duty of good faith and fair dealing.

Following discovery and briefing, the Court granted summary judgment in favor of

Plaintiff on Plaintiff's claim for declaratory relief and Defendant Muse's counterclaim for breach of the duty of good faith and fair dealing. The Court denied summary judgment on Plaintiff's claims of fraud and conspiracy and Defendant Muse's counterclaim for breach of contract. *See* Doc. Nos. 127, 128. In January 2020, a six-day jury trial was held on the Plaintiff's fraud and conspiracy claims. On January 23, 2020, the jury found in favor of Defendants on both claims. *See* Doc. No. 203. Judgment was entered on January 31, 2020, in favor of Defendants on Plaintiff's fraud and conspiracy claims and in favor of Plaintiff on Plaintiff's declaratory relief claim and Defendant Muse's counterclaim for breach of the implied duty of good faith and fair dealing.[1] *See* Doc. No. 207.

Plaintiff and Defendant Muse then each sought an award of their costs. *See* Doc. Nos. 209, 210, 211, 212. Following a hearing and review of the parties' written submissions, the Clerk of Court taxed costs against Plaintiff in the amount of $23,384.39. *See* Doc. Nos. 250, 251; *see also* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. In a supplement to her decision, the Clerk stated:

> The major issues for decision in this matter were plaintiff's fraud and conspiracy claims, which were tried to the jury. The jury found in defendants' favor on both issues, *see* Verdict (Doc. No. 203), and these were the "issues truly contested at trial". *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990). Moreover, were one to ascribe a monetary value to the claims, defendants would still be considered the prevailing party. Plaintiff sought to recover $262,178.37 in benefits it claims it paid due to defendants'

---

[1] Defendant Muse also asserted a counterclaim for breach of contract. Following a ruling on a motion in limine that would have precluded evidence of certain contract damages, Defendant Muse acknowledged that the Court's ruling effectively granted judgment as a matter of law in favor of Plaintiff on the relevant counterclaim and omitted that counterclaim from the Final Pretrial Report. Regardless of the precise procedural disposition, there is no dispute for purposes of the instant Motion that Plaintiff prevailed on Defendant Muse's breach-of-contract counterclaim.

2

> fraud; the jury's verdict in defendants' favor, however, resulted in plaintiff receiving zero. In contract, while plaintiff did prevail on its declaratory-relief claim, that claim was valued at approximately $131,000.00, far less than the amount at issue in the fraud and conspiracy claims. Thus, defendant Muse is entitled to an award of costs.

Doc. No. 250, at 3 (citation omitted).

Plaintiff timely filed its Motion seeking review of the Bills of Costs. *See* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."). Accordingly, the Court reviews the Clerk's award de novo. *See Doe v. Bd. of Cnty. Comm'rs of Payne Cnty.*, No. CIV-13-108-F, 2014 WL 12132244, at *1 (W.D. Okla. Nov. 4, 2014).

## II. Discussion

"[U]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (alteration and internal quotation marks omitted). However, "[a] party need not prevail on every claim and counterclaim to be awarded costs as the prevailing party." *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 967 (10th Cir. 2009). Where, as here, each party "prevail[ed] on some issues," the Court may compare the damages sought and consider the time spent adjudicating the claims when determining the prevailing party. *Id.*

Plaintiff contends that the major issues in the case were not the fraud and conspiracy claims on which Defendants prevailed at trial but, rather, Defendant Muse's counterclaims of breach of contract and breach of the duty of good faith and fair dealing. Plaintiff points to Defendant Muse's computation of damages included in his initial disclosures, which

3

assessed the damages attributable to his counterclaims at roughly $45,000,000 (including "Financial Losses," "Embarrassment/Loss of Reputation," "Pain and Suffering," and "Punitive Damages"). *See* Pl.'s Mot. at 3-4; *Id.* Ex. 1 (Doc. No. 252-1) at 3.

The Court is unpersuaded that it should place such significance on Defendant Muse's initial disclosure computation. Plaintiff makes no attempt to show that the cited sums are reflected in Defendant Muse's submissions to the Court or plausible under the evidence. And, in the actual event, less time was expended on Defendant Muse's counterclaims and Plaintiff's declaratory judgment claim than Plaintiff's fraud and conspiracy claims, which necessitated six days of trial, 14 witnesses, over 350 exhibits, and roughly 1100 pages of testimony. *See* Doc. Nos. 185, 187, 188, 197, 198, 200, 200-1, 215; *Sci. Holding Co., Ltd. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974) ("[A] defendant who successfully fends off a large claim may be awarded costs despite failure to prevail on a counterclaim."); *Haynes Trane Serv. Agency, Inc.*, 573 F.3d at 967 (citing *Scientific Holding Co.* with approval); *Roberts*, 921 F.2d at 1058 (finding no abuse of discretion where district court "awarded full costs to the party prevailing on the majority of claims and the central claims at issue"); 20 C.J.S. *Costs* § 13 ("Even if no damages were awarded on the claim and counterclaim, the defendant may be the prevailing party entitled to costs, where the defendant prevailed in having the plaintiff's claim, which was the main issue in controversy, defeated.").

Further, Plaintiff's position is inconsistent. Plaintiff would have the Court consider future damages as to Defendant Muse's breach-of-contract claim but ignore that Plaintiff

likewise sought to implicate such sums by seeking rescission of the Policy in relation to its fraud claim.

For these reasons, and those explained in the supplement provided by the Clerk, the Court agrees with the findings and conclusions of the Clerk.

CONCLUSION

As outlined herein, Plaintiff's Motion for Review of Taxation of Costs (Doc. No. 252) is DENIED. The cost award of $23,384.39 entered in favor of Defendant Muse and $0 in favor of Plaintiff by the Clerk of Court is AFFIRMED.

IT IS SO ORDERED this 24th day of June, 2021.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge