UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,        )<br>)<br>)<br>  Plaintiff/Counterclaim Defendant,        )<br>)<br>v.                                                                                 )<br>)<br>GENE L. MUSE, M.D., and PATIA PEARSON,                                                       )<br>)<br>)<br>  Defendants/Counterclaimants.          )  | No. CIV-17-1361-G |

**ORDER**

On September 19, 2022, the United States Court of Appeals for the Tenth Circuit transferred jurisdiction over this action back to the District Court. *See* USCA Mandate (Doc. No. 271). The Court held a telephonic status conference in this matter on October 5, 2022, at which the parties, Plaintiff and Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") and Defendant and Counterclaimant Gene L. Muse M.D. ("Muse"), appeared through counsel.

At the status conference, the parties disagreed as to the effect of the Tenth Circuit's Order and Judgment. Accordingly, the Court directed the parties to confer and submit briefs addressing what claims remained for resolution on remand and what procedures are required to resolve those claims. The parties submitted briefs (Doc. Nos. 276, 277) and responses (Doc. Nos. 279, 280) as ordered.

Having reviewed the Order and Judgment of the Tenth Circuit Court of Appeals and the parties' briefing, the Court finds that the claims to be resolved on remand are as follows:

1. Allianz's declaratory-judgment claim as it pertains to coverage under the Policy for the period of April 22 to December 31, 2017;
2. Muse's bad-faith counterclaim; and
3. Muse's breach-of-contract counterclaim as it pertains to coverage under the Policy for the period of April 22 to December 31, 2017.

Order and J. of USCA (Doc. No. 270) at 19, 23, 30, 34-35. Further, the Court finds that additional summary judgment briefing is appropriate.[1] The Court therefore directs that dispositive motions may be filed on or before May 8, 2023, with response and reply briefs to be filed within the times permitted by local rule. Following a ruling on any such motion, the Court will set the matter for a pretrial conference to discuss the trial setting and other pretrial deadlines. The parties have not requested, and accordingly the Court will not allow, any additional discovery.

---

[1] In the post-remand briefing submitted to the Court, the parties disagree as to the effect of the Tenth Circuit's Order and Judgment on the viability of various claims and on whether arguments not previously raised may be asserted in support of a claim or as a defense to a claim. Any such contention based on the mandate rule, claim preclusion, waiver, or the like shall be made in a motion for summary judgment. For example, the parties disagree on whether Muse's bad-faith counterclaim is viable during certain periods in which Muse was either receiving payments under the insurance policy or was not entitled to coverage under the policy. *Compare* Muse's Status Report (Doc. No. 277) at 7-9, *with* Allianz's Resp. (Doc. No. 280) at 3-6. The "'mandate rule' provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (internal quotation marks omitted). The Tenth Circuit reversed this Court's grant of summary judgment on Muse's bad-faith claim without reference to a specific period of time and without addressing the parties' "various arguments about the ways Allianz did or did not act in bad faith, leaving those matters for the district court to consider in the first instance." Order and J. of USCA (Doc. No. 270) at 23. Consistent with the language in the Tenth Circuit's Order and Judgment, the Court construes Muse's bad-faith counterclaim as remanded in its entirety as pled in Muse's Combined Answer and Counterclaims (Doc. No. 9). Whether or to what extent Allianz may be entitled to judgment as a matter of law on Muse's bad-faith claim is best resolved through a motion for summary judgment.

IT IS SO ORDERED this 7th day of March, 2023.

                                                  CHARLES B. GOODWIN
                                                  United States District Judge