UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) ) ) |
| GENE L. MUSE, M.D., | ) ) |
| Defendant/Counterclaimant. | ) |

Case No. CIV-17-1361-G

## ORDER

Now before the Court is a Motion in Limine (Doc. No. 324) filed by Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse"), seeking five in-limine rulings. A response has been filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") (Doc. No. 333), to which Muse replied (Doc. No. 341). The Court rules as outlined below.

I.  *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing

*Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

    II.      *Defendant/Counterclaimant Muse's Motion*

        A. *Misrepresentation of Facts*

Muse first seeks to prohibit Allianz from presenting any evidence or argument that Muse knowingly and intentionally misrepresented relevant facts relating to his health. *See* Def.'s Mot. at 7-9. In support of this request, Muse argues that Allianz is precluded, under the doctrine of res judicata,[1] from presenting such evidence or argument because "the jury in the first trial specifically rejected Allianz's claims that [Muse] knowingly and intentionally misrepresented relevant facts relating to his health to Plaintiff." *Id.* at 7 (internal quotation marks omitted). Allianz argues that because the current trial is being conducted upon remand of the same case in which a jury previously rejected Allianz's claims that Muse misrepresented facts relating to his health, "law of the case" not res judicata is the appropriate doctrine under which to consider Muse's request. *See* Pl.'s Resp. at 5-6.[2]

---

[1] The term "res judicata" "comprises two distinct doctrines regarding the preclusive effect of prior litigation":

> The first is issue preclusion (sometimes called collateral estoppel), which precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment.
>
> The second doctrine is claim preclusion (sometimes itself called res judicata). . . . [C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated.

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020) (citation omitted).

[2] "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (emphasis added) (internal quotation marks omitted); *see also Kennedy v. Lubar*, 273 F.3d 1293, 1298 (10th Cir. 2001)

2

The evidence and argument Muse seeks to exclude are more appropriately considered under the doctrine of issue preclusion (or "collateral estoppel"). "As long as the issues are identical, issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, *even if the issue arises when the party is pursuing or defending against a different claim.*" *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (internal quotation marks omitted).

In the preceding trial, the jury found: (1) by special interrogatory, that Allianz had not proved, by clear and convincing evidence, that Muse had "knowingly and intentionally misrepresented facts relating to his health to" Allianz; and (2) that Allianz had not proved, by clear and convincing evidence, its claims for (a) fraud and deceit or (b) conspiracy to commit fraud and deceit. *See* Verdict (Doc. No. 203) at 5, 1; J. (Doc. No. 207) at 1. Neither the special interrogatory response nor the determination of the fraud and conspiracy claims was disturbed on appeal.

In short, Muse invokes the jury's findings in the prior trial—findings as to which Muse bore no burden of proof (indeed, ones as to which Allianz bore a heavy burden of proof)—to bar evidence and argument in this subsequent trial of a claim for which Muse bears the burden of proof.[3] Even if the issue decided in the first trial were otherwise identical to one to be decided in the second trial, a party may not use the doctrine of issue

---

("Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." (citation and internal quotation marks omitted)).

[3] At the April 10, 2025 pretrial conference, Muse suggested that Allianz may raise fraud or conspiracy to commit fraud as an affirmative defense to Muse's contract claim. Allianz represented that it was not asserting any such theory.

3

preclusion to reduce or eliminate its burden of proof. *See* 18 James Wm. Moore et al., *Moore's Federal Practice* § 132.02[4][e] (2021) ("[I]ssue preclusion does not apply when the party seeking to benefit from preclusion has a significantly heavier burden in the subsequent action than in the prior action."); *Restatement (Second) of Judgments* § 28(4) (1982) (same); *see also Fears v. Wilkie*, 843 F. App'x 256, 261 (Fed. Cir. 2021) ("[I]ssues are not identical if the second action involves application of a different legal standard" than the first action).

Accordingly, this request is DENIED.[4]

### B. Muse's Status as "Chronically Ill"

Muse next requests that Allianz should be prohibited from introducing evidence that Muse was not "Chronically Ill" as defined in the Policy. In support of this request, Muse argues that (1) this issue was decided in the former trial, and is thus precluded; and (2) Allianz's current position, that Muse was not Chronically Ill as defined under the Policy, is inconsistent with its earlier position that Allianz relied on the truth of Muse's statements relating to his health to justify payment of benefits. *See* Def.'s Mot. at 9-10. Allianz responds that the issue in the previous trial actually was "whether there was knowing and intentional fraud committed by Muse such that payments made under the Policy should be returned." Pl.'s Resp. at 7. Additionally, Allianz argues that its position is not inconsistent

---

[4] To the extent the "law of the case" doctrine applies to the jury's finding of fact on the issue of Muse's misrepresentations, the Court's conclusion remains the same. While the law of the case doctrine applies to conclusions of law, it is questionable whether it applies to findings of fact, as Allianz argues. *See Monsisvais*, 946 F.2d at 115 n.2 ("We do not address under what circumstances findings of fact become the law of the case"); *cf. Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016) ("[T]he decision whether to apply law of the case doctrine remains a matter of judicial discretion.").

because the facts upon which someone is determined to meet the Chronically Ill requirement under the Policy can change. *See id.*

As previously noted, the jury in the prior trial, applying a standard of clear and convincing evidence, returned a verdict in favor of Muse on Allianz's fraud and conspiracy claims and expressly determined that Muse, relevant to a certain time period, did not knowingly and intentionally misrepresent facts relating to his health to Allianz. A determination that Muse did not misrepresent his health does not establish that Muse was Chronically Ill within the meaning of the Policy.[5] Even if the findings from the prior trial were identical to an issue to be determined in this subsequent trial, the heavier burden of proof Muse bears in the subsequent trial prevents him from invoking the doctrine of issue preclusion. For the foregoing reasons, Muse's request is DENIED.

### C. Conspiracy to Fraudulently Obtain Benefits

Muse also seeks exclusion of any evidence or argument from Allianz that Muse and Ms. Pearson conspired to fraudulently obtain benefits under the Policy. *See* Def.'s Mot. at 14. In support of his request, Muse argues that Allianz is precluded by the doctrine of res judicata from presenting any such evidence or argument. *See id.* Allianz responds that Muse's request is too broad and that it is possible that Allianz may seek to present evidence

---

[5] Muse also argues that Allianz is estopped from challenging whether Muse was Chronically Ill because Allianz has previously in this litigation taken the position that Allianz relied on Muse's representations about his health to determine, relevant to a time period different than the one at issue in this subsequent trial, that Muse was entitled to benefits under the Policy. The Court does not see the type of inconsistency that would prompt application of judicial estoppel. Aside from the difference in time periods, Allianz's reliance on the truth of Muse's representations about his health does not, ex post, establish that Muse was, as a factual matter, Chronically Ill as defined by the Policy.

from which a jury may infer that Muse conspired to fraudulently obtain benefits under the Policy. *See* Pl.'s Resp. at 8.

Again, because Muse now bears the burden to prove his breach-of-contract claim, Muse may not use the findings from the prior trial (findings where Muse bore no burden) to preclude dispute of the same issues in this subsequent trial. Accordingly, this request is DENIED.

### D. "Red Flags" Indicating Fraud, Deceit, or Dishonesty

Muse seeks to preclude any evidence or argument concerning "red flags," Allianz's internal term for potentially fraudulent activity. *See* Def.'s Mot. at 14-15. In support of his request, Muse argues that because the first jury heard about these "red flags" in support of Allianz's fraud claim, which the jury ultimately rejected, such evidence should be precluded. *See id.* at 15. Allianz responds that such exclusion is improper because the jury's determination that there was "insufficient evidence of knowing and intentional fraud on the part of Muse" did not require a determination that there were no red flags. *See* Pl.'s Resp. at 8-9. Further, Allianz argues that it should be able to introduce and explain the red flags, as they provide background for understanding Allianz's actions as they relate to Muse's benefits. *See id.* at 9.

Muse has not met his burden to show why such evidence is inadmissible and thus should not be offered at trial. This request is DENIED, subject to specific objections at trial. *See Cook v. Peters*, No. 13-cv-107, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) ("A court will generally not grant a motion in limine unless the moving party meets

6

its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." (internal quotation marks omitted)).

### E. Arrangement between AdLife and Pearson

Muse requests to prohibit Allianz from presenting any argument that Ms. Pearson's agreement with AdLife is a sham because such argument was presented to the jury in considering Allianz's claims for fraud and conspiracy, upon both of which the first jury found in favor of Muse. See Def.'s Mot. at 15-16. Allianz responds: "The nature of the arrangement between AdLife and Pearson is directly at issue in the current trial because evidence regarding that arrangement shows that AdLife did not supervise Pearson and Pearson did not provide services to Muse through an HHCA, but rather provided those services as an independent provider paid directly by Muse." Pl.'s Resp. at 9.

The Court agrees with Allianz that Muse's request to exclude any argument "implying" fraud or deceit is overly broad and not supportable. Accordingly, this request is DENIED.

### CONCLUSION

As outlined herein, the Motion in Limine (Doc. No. 324) filed by Defendant/Counterclaimant Muse is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 11th day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge