UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, )<br>)<br>  Plaintiff/Counterclaim Defendant, )<br>)<br>v.                                                            )<br>)<br>GENE L. MUSE, M.D., )<br>)<br>  Defendant/Counterclaimant. ) | Case No. CIV-17-1361-G |

## ORDER

Now before the Court is the Sixth Motion in Limine (Doc. No. 325) filed by Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse"). A response has been filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") (Doc. No. 334). The Court rules as outlined below.

I.  *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Defendant/Counterclaimant Muse's Motion*

Muse seeks a ruling in limine excluding all testimony from Dr. Stephen K. Holland, the Chief Medical Officer for Long Term Care Group ("LTCG"), a third-party administrator working for Allianz in connection with Muse's claim under the Policy that is the subject of this litigation. *See* Def.'s Mot. at 7. Muse argues that Allianz did not disclose Dr. Holland as an expert witness and therefore he should not be permitted to provide expert testimony. *See id.* at 7-8. In addition to arguing that Dr. Holland is not qualified to opine on the matters at issue in this trial, Muse argues that because Dr. Holland was not involved in Defendant's claim during the relevant time period (April 22, 2017, to November 2017), his testimony is irrelevant. *See id.* at 9-11. Lastly, Muse argues that any testimony from Dr. Holland relating to Muse's status as Chronically Ill, as defined under the Policy, is confusing, prejudicial, and inconsistent with the jury's verdict in the previous trial in this case. *See id.* at 11-12.

Allianz responds to each of these arguments. First, Allianz represents that Dr. Holland is a fact witness, for which there is no expert disclosure requirement. *See* Pl.'s Resp. at 5. Second, Allianz represents that when Muse appealed his post-April 2017 denial of benefits, Allianz obtained Dr. Holland's view of Muse's eligibility under the Policy. *See id.* at 6. Third, Allianz argues that the prior jury verdict neither reflected on its face nor required an underlying finding that Muse was Chronically Ill as defined in the Policy. *See id.*

The Court by separate order has addressed Muse's general objection to evidence regarding whether Muse was Chronically Ill within the meaning of the Policy. The Court's

2

analysis here is therefore limited to Dr. Holland's role as a fact witness and the confusing or prejudicial effects his testimony may have.

As a threshold matter, because Dr. Holland has not been retained as an expert, the Court will not permit Dr. Holland to offer expert opinions. As a nonexpert, Dr. Holland may not testify outside the bounds of Federal Rule of Evidence 701.

As to objections to Dr. Holland's testimony as a lay witness, Federal Rule of Evidence 701 prescribes:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

To the extent Muse has argued that Dr. Holland's testimony will be confusing or unfairly prejudicial, Muse has not provided any support or well-developed analysis for this argument. Accordingly, Muse has not met his burden to show that Dr. Holland's testimony should be entirely excluded for these reasons.

The Court will permit Dr. Holland to testify as a fact witness and provide opinion testimony to the extent permitted by Rule 701. Dr. Holland may testify regarding his personal knowledge and perceptions regarding whether Muse had been properly certified as Chronically Ill from April 22, 2017, to December 31, 2017, based on his review of the claim information. Allianz is cautioned, however, that it must lay a sufficient factual

3

foundation for Dr. Holland's personal knowledge before eliciting any opinion testimony on a particular subject or topic.

## CONCLUSION

In according with the foregoing, Defendant/Counterclaimant Muse's Sixth Motion in Limine (Doc. No. 325) is DENIED, subject to appropriate objection at trial.

IT IS SO ORDERED this 11th day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge