UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>) |
| v. | )   Case No. CIV-17-1361-G<br>) |
| GENE L. MUSE, M.D., | )<br>) |
| Defendant/Counterclaimant. | ) |

**ORDER**

Now before the Court is the Seventh Motion in Limine (Doc. No. 326) filed by Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse"). A response has been filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") (Doc. No. 336).

I.   *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II. *Defendant/Counterclaimant Muse's Motion*

Muse requests a ruling prohibiting all parties from mentioning, arguing, or relitigating the impact of the financial liability exclusion (the "Exclusion") included in Muse's Indemnity Benefit Rider. *See* Def.'s Mot. at 4. In support of his request, Muse argues that the Tenth Circuit's Order and Judgment in this matter (Doc. No. 270) concluded that the Exclusion was not relevant to any determination of coverage in this case. *See* Def.'s Mot. at 4-5. Additionally, Muse argues that any evidence or argument relating to the Exclusion should be prohibited because it would confuse the jury, prejudice Muse, and is precluded after being presented in the first trial. *See id.* at 6-7.

Allianz argues that Muse's request is overly broad. *See* Pl.'s Resp. at 5. In particular, Allianz argues that the applicable "law of the case" relating to the Exclusion is only that, for the time period from April 22, 2017 to December 31, 2017, Muse's claim was not barred by the Exclusion. *See id.* at 6. Allianz accordingly argues that Muse's request to preclude evidence relating to Muse's financial responsibility should be rejected. *See id.* at 7.

The Tenth Circuit's conclusions that "Muse's financial liability for services does not impact coverage" and "Muse's entitlement to coverage does not hinge on his financing liability" are controlling in this litigation. Order & J. at 17, 20; *see Harris v. City Cycle Sales*, 112 F.4th 1272, 1278-80 (10th Cir. 2024). As a result, any evidence or argument contradicting or attempting to relitigate these conclusions is prohibited and not relevant. These conclusions, however, do not encompass or preclude argument relating to Muse's financial responsibilities as they relate to other issues in this case, such as Ms. Pearson's

supervision during the contested time period.  *See* Pl.'s Resp. at 6-7.  Accordingly, while Allianz may not directly or indirectly suggest that the Exclusion disallowed coverage during the relevant time period, Allianz may present evidence of Muse's responsibility to pay Ms. Pearson for the purpose of challenging whether Ms. Pearson was supervised by a Home Health Care Agency during the relevant time period.

## CONCLUSION

As outlined herein, the Seventh Motion in Limine (Doc. No. 326) filed by Defendant/Counterclaimant Muse is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 11th day of April, 2025.

CHARLES B. GOODWIN
United States District Judge