UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>GENE L. MUSE, M.D., )<br>)<br>Defendant/Counterclaimant. ) | Case No. CIV-17-1361-G |

**ORDER**

Now before the Court is the Eighth Motion in Limine (Doc. No. 327) filed by Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse"). A response has been filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") (Doc. No. 337).

I.  *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Defendant/Counterclaimant Muse's Motion*

In his Motion, Muse seeks a ruling in limine preventing Allianz from presenting argument or evidence relating to Muse's sources of income or monies. In support of this request, Muse argues that any such argument or evidence is irrelevant, confusing to the jury, and prejudicial to Muse. *See* Def.'s Mot. at 6. Muse represents that because he "does not intend to claim financial distress as an element of damages in support of his counterclaim for breach of contract," there is "no logical connection between his financial condition and any claim or defense at issue in this case." *Id.*

Allianz responds that evidence of Muse's financial condition is relevant to the issues to be tried. First, Allianz represents that Muse's active participation in organizations and management of properties are indicative of a physical ability of someone who was not Chronically Ill as defined by the Policy. *See* Pl.'s Resp. at 5. Additionally, Allianz represents that Muse's business interests are relevant because he made payments to Ms. Pearson through some of his business entities, which is probative of whether Ms. Pearson's services were provided through an HHCA, as defined and required under the Policy. *See id.* at 6.

Muse's request is GRANTED to the following extent. The Court will not allow evidence or argument for the purpose of suggesting that Muse's personal wealth in any way lessened Allianz's obligations under the Policy or the benefits owed under the Policy. As to Allianz's first argument, Allianz has not sufficiently identified the evidence it contemplates presenting. To the extent that Allianz believes that evidence revealing Muse's financial condition is relevant in establishing Muse's physical abilities, Allianz

2

must seek permission from the Court, outside the presence of the jury, before mentioning any such evidence. As to Allianz's second argument, Allianz may present evidence that Muse made direct payments to Ms. Pearson and, to that end, reference the specific personal source of payment. Allianz is cautioned, however, that in so doing it may not unduly emphasize Muse's income, business interests, or financial condition, as such evidence would be inordinately prejudicial and violate Federal Rule of Evidence 403.

## CONCLUSION

For the reasons stated above, the Eighth Motion in Limine (Doc. No. 327) is GRANTED IN PART and DENIED IN PART, without prejudice to Defendant/Counterclaimant Muse raising specific objections as appropriate.

IT IS SO ORDERED this 11th day of April, 2025.

CHARLES B. GOODWIN
United States District Judge