UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, ) ) ) Plaintiff/Counterclaim Defendant, ) ) v. ) ) GENE L. MUSE, M.D., ) ) Defendant/Counterclaimant. ) | Case No. CIV-17-1361-G |

## ORDER

Now before the Court is the Ninth Motion in Limine (Doc. No. 328) filed by Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse"). A response has been filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz") (Doc. No. 338).

I. *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Defendant/Counterclaimant Muse's Motion*

Muse requests that the Court exclude any mention of prior unrelated criminal charges against Muse that appear in Allianz's Special Investigation Unit ("SIU") Reports. *See* Def.'s Mot. at 6.  In support of this request, Muse argues that the prejudicial effect of introducing such charges far outweighs any potential probative value that they may offer. *See id.* at 7.  Additionally, Muse argues that because the conduct underlying the charges does not constitute "crimes of dishonesty," neither charge would be probative to Muse's "propensity for honesty or dishonesty."  *Id.*; *see also* Fed. R. Evid. 404(b), 608(b), 609; *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).  In its response, Allianz represents that it does not plan to introduce evidence of these criminal charges and that the portions of the SIU Report relating to the charges will be redacted to remove this information.  *See* Pl.'s Resp. at 4.  Allianz argues, however, that if Muse "opens the door" by claiming that he has no criminal history, it may properly introduce such evidence.  *See id.* at 5; *Alwine v. Buzas*, 89 F. App'x 196, 205 (10th Cir. 2004) (affirming the district court's ruling that it would exclude prejudicial testimony with slight probative value "unless either party opened the door to it").

Muse's request is GRANTED.  If Allianz believes that Muse's testimony or other evidence presented at trial would allow responsive evidence relating to Muse's criminal history, Allianz must request in advance and outside the presence of the jury the Court's permission to present such evidence.  *See Alwine*, 89 F. App'x at 205; *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l*, 839 F.3d 1251, 1258 n.5 (10th Cir. 2016).

## CONCLUSION

For the reasons stated above, Defendant/Counterclaimant Muse's Ninth Motion in Limine (Doc. No. 328) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 11th day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge