UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, ) ) ) Plaintiff/Counterclaim Defendant, ) ) v. ) ) GENE L. MUSE, M.D., ) ) Defendant/Counterclaimant. ) | Case No. CIV-17-1361-G |

### ORDER

Now before the Court is the First Motion in Limine (Doc. No. 330) filed by Plaintiff/Counterclaim Defendant Allianz Life Insurance Company of North America ("Allianz"). A response has been filed by Defendant/Counterclaimant Gene L. Muse, M.D. ("Muse") (Doc. No. 339).

I.   *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Plaintiff/Counterclaim Defendant Allianz's Motion*

    A.     *"Golden Rule" Arguments*

Allianz seeks ruling prohibiting Muse's counsel from making a "golden rule" argument to the jury—i.e., to "implore the jur[ors] to put themselves in Muse's shoes and ask them to consider what they would want if they required assistance as Muse claims to require." Pl.'s Mot. at 2. Muse represents that he has no objection to this request, "as it pertains to damages," but argues that "such argument should be permitted when the question of liability turns on the reasonableness of a party's conduct." Def.'s Resp. at 7.

"A Golden Rule argument is 'universally recognized as improper, because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 836 (N.D. Okla. 2007) (quoting *Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984)). While "a party may not rely on a Golden Rule argument in his plea for damages, . . . such arguments are not improper on the issue of liability." *Id.* (citing *Shultz v. Rice*, 809 F.2d 643, 651-52 (10th Cir. 1986)). Muse's response appropriately distinguishes between asking the jury to apply the Golden Rule with respect to damages, which is improper, and asking the jury to consider the reasonableness of a party's conduct in assessing liability, which may be proper. *See id.*; Def.'s Resp. at 8. For the foregoing reason, the request is GRANTED IN PART and DENIED IN PART, in accordance with Muse's representation and request to make such argument only when "the reasonableness of conduct, in light of information known at the time, is at issue." *Smith v. CSAA Fire & Cas. Ins. Co.*, No. CIV-17-1302-D, 2020 WL 4340546, at *2 (W.D. Okla. July 28, 2020).

### B. *Allianz's Promotional Materials*

Allianz requests that the Court prohibit presentation of or reference to Allianz's advertising slogans during Muse's examination of witnesses or opening or closing statements. *See* Pl.'s Mot. at 3. In support of its request, Allianz argues that such evidence lacks probative value and would be unfairly prejudicial to Allianz. *See id.* Muse responds that he does not intend to reference Allianz's advertising materials but may do so "if the testimony at trial conflicts with Allianz's advertised mission and vision." Def.'s Resp. at 9. Additionally, Muse argues that advertising materials may be relevant and probative to show the bias and financial motivations of Stephen Holland, MD, who is the Medical Director of LTCG, Allianz's third-party administrator, and whom Allianz asked to review certain evidence in Allianz's claim file for Muse. *See id.* at 9-12.

The Court agrees that evidence regarding the potential bias of Dr. Holland may be relevant, and so Allianz's request is DENIED in this respect. *See VTT Mgmt. Inc. v. Fed. Ins. Co.*, No CIV-17-767-M, 2018 WL 5078111, at *1 (W.D. Okla. Oct. 17, 2018) ("It is well-settled that cross-examination to show the bias of a witness or his interest in a case is entirely proper." (internal quotation marks omitted)). Muse fails to adequately explain, however, how promotional materials are relevant to the determination of the issues to be determined at trial. Accordingly, Allianz's request is GRANTED in this respect, and introduction of such evidence shall not be permitted absent prior request by counsel and approval by the Court outside the presence of the jury.

*C. Other Litigation Results*

Allianz seeks the exclusion of references to the results of other litigation in which Allianz was involved. *See* Pl.'s Mot. at 3. In response, Muse objects to this request because it is "vague and non-specific as to exactly what evidence Allianz is seeking to exclude." Def.'s Resp. at 12. While the request is broad, Muse's response fails to identify any evidence of other litigation that Muse intends to present and contends would be properly admitted at trial. Accordingly, Allianz's request is GRANTED in this respect, and introduction of such evidence shall not be permitted absent prior request by counsel and approval by the Court outside the presence of the jury.

*D. "Sending a Message" Testimony*

Allianz requests that the Court prohibit any argument or testimony that directs the jury to "send a message" to the insurance industry, as such statements are improper and unfairly prejudicial. Pl.'s Mot. at 4-5. Muse represents that he "intends to stay within the boundaries of proper argument" and, in doing so, may make an argument that one should pay the claims that he owes. Def.'s Resp. at 13. This Court previously found that presentation of a "sending a message" argument would be improper and immaterial. *See* Trial Tr. 1093:5-1095:24, Jan. 23, 2020 (Doc. No. 215-5). Again, and for the same reasons, the request is GRANTED. *See id.*; *see also Cronkite v. Okla. ex rel. Okla. Att'y Gen.*, No. CIV-20-250-G, 2022 WL 2813392, at *1-2 (W.D. Okla. July 18, 2022).

*E. "Benefit of the Doubt" Testimony*

Lastly, Allianz requests that the Court prohibit any argument from Muse that suggests to the jury that Allianz owes "the benefit of the doubt" to its insured. Pl.'s Mot.

4

at 6. Muse represents that he "does not intend to suggest to the jury that Allianz owes the benefit of the doubt to its insured." Def.'s Resp. at 13. This request is therefore GRANTED.

## CONCLUSION

As outlined above, Plaintiff/Counterclaim Defendant Allianz's First Motion in Limine (Doc. No. 330) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 11th day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge